■ GARY POWER et al., Respondents, v TEACHERS INSURANCE & ANNUITY ASSOCIATION, Defendant, and CAULDWELL-WINGATE COMPANY, INC., Appellant and Third-Party Plaintiff-Appellant. CANRON CONSTRUCTION CORP., Third-Party Defendant-Appellant, and LIBERTY CONTRACTING CORP., Third-Party Defendant-Respondent. [742 NYS2d 549] —Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered May 3, 2001, which granted the motion of third-party defendant Liberty Contracting Corp. to set aside so much of the jury verdict as found it 60% liable, and dismissed the third-party complaint

and third-party cross claim as against it, unanimously affirmed, without costs.

The court properly found that there was "simply no valid line of reasoning and permissible inferences which could possibly lead rational [jurors] to the conclusion reached by the jury on the basis of the evidence presented at trial" (*Cohen v Hallmark Cards*, 45 NY2d 493, 499). Appellants' witnesses testified that Liberty was required only to cut away vertically protruding rebar following its removal of concrete from the area of the accident and that the area had been inspected following Liberty's work and had been found "clean," without vertically protruding rebar. There was no evidence that the rebar in question was in the same condition at the time of the accident as it had been when Liberty completed its work more than two months before. Nor was there evidence that plaintiff tripped over a vertical rebar. In short, there existed no nonspeculative basis for the jury to conclude that Liberty had breached its duty to remove vertical rebars, much less that any such breach had resulted in the condition that caused plaintiff's injuries. Concur—Nardelli, J.P., Tom, Rosenberger, Wallach and Friedman, JJ.